UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK S. MCFADDEN,

    Plaintiff,

v.

Case No: 8:14-cv-2068-T-35MAP

ROBERTSON, ANSCHUTZ & SCHNEID, P.L., COREY LEWIS, individually, TARA HEYDT, individually, and U.S. BANK N.A.,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss (Dkt. 8) filed by Defendants, Robertson, Anschutz & Schneid, P.L. ("Robertson Law Firm") and Corey Lewis, and the Response in opposition thereto filed by Plaintiff, Mark S. McFadden, (Dkt. 14). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' Motion to Dismiss.

**I.    BACKGROUND**

This dispute appears to arise out of a foreclosure action initiated in Florida state court. (Dkt. 1) Plaintiff, proceeding *pro se*, alleges that Defendants filed a foreclosure action on June 26, 2013, in Pinellas County, Florida ("Foreclosure Action"). (Id. at ¶ 12) Plaintiff responded to the Foreclosure Action complaint, and on September 11, 2013, he filed a "Notice of Dispute" demanding a validation of the underlying debt. (Id. at ¶ 13; Dkt. 1-1 at 4) As of the date of the filing of the instant complaint, Plaintiff had not received a debt validation from Defendants, but Defendants have continued to attempt to collect

the alleged debt.  (Dkt. 1 at ¶ 14)  Plaintiff also alleges that Defendants have filed fraudulent documents in the Foreclosure Action in an attempt to foreclose on Plaintiff's property and collect the alleged debt.  (Id. at ¶ 15; Dkt. 1-1 at 5)

In Count I, Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, and 1692g by (1) "filing fraudulent documents into the [Foreclosure Action] Complaint and filing those documents into the court," (2) "by using false, deceptive and misleading documents to initiate a foreclosure action on Plaintiff's property," and (3) "by not answering the Notice of Dispute and continu[ing] to attempt to collect on an alleged debt by filing on 8/04/2014 a Notice of Intent to go to Trial and never answer[ing] Plaintiff's Notice of Dispute which was filed into the court record on 9/11/2013."  (Dkt. 1 at ¶ 22)

In Count II, Plaintiff alleges that Defendants also violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.715, 559.72(9), "by fail[ing] to provide proper notice from the original lender, granting serving rights, agency status and holder in due course rights through legitimate assignments to the Plaintiff," and by not using the "the usual and customary due diligence to ensure the documents [in the Foreclosure Action] were legal[,] valid and proper."  (Dkt. 1 at ¶¶ 29–30)

Defendants moved to dismiss the complaint arguing, among other things, that the allegations are conclusory, the claims were brought outside the applicable statute of limitations, they are protected by the litigation privilege, and the allegations improperly lump multiple defendants together.  (Dkt. 8)

**II.   LEGAL STANDARD**

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Rule 8 of the Federal Rules of Civil Procedure requires that "a pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, "[e]ach allegation [in a complaint] must be simple, concise, and direct." Fed. R. Civ. P. 8(d). A complaint

must be sufficiently clear to permit defendants a fair opportunity to defend. Further, Rule 10 requires that where doing so would promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10

## III. DISCUSSION

The Complaint in this case runs afoul of Fed. R. Civ. P. 10. Count I attempts to allege at least six different violations of several separate FDCPA provisions. Likewise, Count II attempts to allege two separate violations of two different FCCPA provisions. For these reasons alone the complaint is due to be dismissed. In the amended complaint, Plaintiff shall separate each alleged violation of either the FDCPA or the FCCPA into separate numbered counts.

Without the benefit of such a properly framed pleading, the Court will not attempt to discern which claims are potentially subject to the statute of limitations defense that Defendants assert.

The complaint is also sorely lacking in factual detail. Plaintiff fails to allege any facts as to who the Defendants are or how they are connected to this case. Absent such allegations, the complaint fails to state a plausible claim for relief. While Plaintiff alleges that all five Defendants filed the foreclosure suit against him, the Foreclosure Action docket sheet attached as Exhibit A reflects that U.S. Bank N.A. ("U.S. Bank") is the sole named plaintiff in that action. (Dkt. 1-1 at 1) Judging from the other exhibits, the Court assumes that the Robertson Law Firm represented U.S. Bank in the Foreclosure Action, and that individual Defendant Corey Lewis was the Robertson Law Firm attorney working on the case. (Dkt. 1-1 at 5) Defendant Tara Heydt's connection to this case is even

more unclear, but it appears she may be U.S. Bank's current attorney in the Foreclosure Action.  (Id. at 1)

While *pro se* pleadings are to be liberally construed, this does not excuse the lack of factual allegations related to the various Defendants, nor permit the Plaintiff to require the Court to engage in speculation as to how each of the Defendants fit into this case. In the amended complaint, Plaintiff shall allege facts establishing each Defendants' connection to this case and showing how each is to be considered a "debt collector" for purposes of the FDCPA and FCCPA.  Conclusory allegations that each defendant "is a debt collector within the meaning of the" applicable statute are insufficient.  See, e.g., Correa v. BAC Home Loans Servicing LP, 6:11-CV-1197-ORL-22, 2012 WL 1176701, at *12 (M.D. Fla. April 9, 2012) ("Plaintiff still fails to allege facts sufficient to show that Defendant BAC and Defendant BOA are debt collectors under FDCPA.  Plaintiff cites the general definition for 'debt collector' and in a conclusory manner, states that Defendant BAC and Defendant BOA are debt collectors.  Such legal conclusions are insufficient to state a claim for relief.") (citation omitted).

Similarly, the complaint fails to include sufficient factual detail from which the Court can conclude that this case involves consumer debt.  See Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) ("The elements of an FDCPA claim include: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" (quoting Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)).  Rather, Plaintiff simply alleges that the case arises out of a foreclosure.  The Complaint does not reveal what

type property was foreclosed or whether the debt related to that property arose out of a transaction that was primarily "for personal, family, or household purposes." 15 U.S.C. § 1692a. The amended complaint should also address this deficiency.

Moreover, while it is not clear from the Complaint whether the Foreclosure Action is ongoing or whether it has resulted in a final judgment,[1] the Court is concerned that this proceeding may be improper under the Rooker-Feldman doctrine. "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court. The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (internal citation omitted). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, [ ] or it succeeds only to the extent that the state court wrongly decided the issues." Id. at 1260 (citing Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996)).

Here, the majority of Plaintiff's allegations appear to relate to his contention that the Foreclosure Action is improper because it is founded on various fraudulent documents. To make that finding this Court would have to "effectively nullify" the state court foreclosure, assuming there has been one, and such action is prohibited by Rooker-Feldman. See, e.g., Figueroa v. Merscorp, Inc., 766 F. Supp. 2d 1305, 1323–25 (S.D. Fla. 2011) aff'd, 477 Fed. Appx. 558 (11th Cir. 2012) ("If the Court concludes that mail

---

1 See, e.g., Figueroa v. Merscorp, Inc., 766 F. Supp. 2d 1305, 1318 (S.D. Fla. 2011) aff'd, 477 Fed. Appx. 558 (11th Cir. 2012) ("The Court stated *Rooker–Feldman* only applies to federal cases *filed after* the state-court proceedings have ended. When there are parallel state and federal cases, '*Rooker–Feldman* is not triggered simply by the entry of judgment in state court.'" (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291–92 (2005)).

and wire fraud occurred in obtaining the foreclosures, and that the fraud damaged Plaintiff and class members, the Court would be saying the foreclosures were wrongfully granted and the resulting judgments are void. Figueroa's federal claims can only succeed to the extent the Florida court erred, and the Court cannot grant Figueroa his requested relief without disturbing the Florida foreclosure judgment. It is for the state appeals courts and the U.S. Supreme Court to tell the state court it was wrong. This Court has no such role.") (citations omitted).

In the amended complaint Plaintiff should clarify whether or not the Foreclosure Action proceeded to a final judgment prior to his filing of this suit.

The Court finds it necessary for these threshold issues to be rectified, if indeed they can be, prior to reaching the other issues raised by Defendants in the motion.  Once Plaintiff files an amended complaint, Defendants may reassert those bases for dismissal not reached here, or any other applicable basis.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss (Dkt. 8) is **GRANTED**.

2. The Complaint (Dkt. 1) is **DISMISSED**.

3. Plaintiff shall have up to and including **twenty-one (21) days** from the date of this Order to file an amended complaint, consistent with this Order. Plaintiff is directed to http://www.flmd.uscourts.gov/pro_se/default.htm where he can locate additional useful information about proceeding in this matter without a lawyer.

4. If, upon the expiration of the above deadline, Plaintiff has neither filed an amended complaint nor sought an extension of time to do so, the **CLERK** is directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of October, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person