UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 8:14-cv-02068-MSS-MAP

MARK S. MCFADDEN,

    Plaintiff,

v.

US BANK, N.A., ROBERTSON,
ANSCHUTZ & SCHNEID, P.L.,
COREY LEWIS, INDIVIDUALLY,
TARA HEYDT, INDIVIDUALLY,

    Defendants.
_____/

## DEFENDANT'S, EVAN ROSENBERG'S, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

COMES NOW, Defendant, EVAN ROSENBERG (hereinafter referred to as this "Defendant"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e), hereby files this, his Motion to Dismiss Plaintiff's Amended Complaint, and in support thereof, states as follows:

    1.    On August 25, 2014, the Plaintiff filed a two (2) count complaint and a demand for a jury trial.

    2.    Count I of the Plaintiff's Complaint alleged a violation of Fair Debt Collection Practices Act (FDCPA) and was brought against all of the Defendants and Count II of the Plaintiff's Complaint alleged a violation the Florida Consumer Collection Practices Act (FCCPA) and was brought against all of the Defendants. DE 1.

    3.    The Defendants moved to dismiss that initial Complaint for a myriad of reasons **DE 8** and the Court ultimately dismissed the initial Complaint on October 22, 2014. **DE 17.**

4. The Plaintiff filed an Amended Complaint that added a party and now consists of five (5) counts.

5. Count I alleges a violation of FDCPA, 15 U.S.C. §1692f, against all defendants, Count II alleges a violation of FDCPA, 15 U.S.C. §1692e, against all defendants, Count III alleges a violation of FDCPA, 15 U.S.C. §1692g, against all defendants, and Counts IV and V allege a violation of FCCPA against all defendants. DE 18.

6. The Plaintiff also demands a jury trial. DE 18.

7. The Plaintiff's Amended Complaint is improper and must be dismissed for the following reasons:

    a. It is in violation of this Court's October 22, 2014 order;

    b. It does not contain a short and plain statement of the case in violation of Federal Rule of Civil Procedure 8(a)(2);

    c. The causes of action based on FDCPA violations are brought outside of the applicable Statute of Limitations;

    d. This Defendant is protected by the litigation privilege and cannot be held liable for litigating the foreclosure action brought against the Plaintiff;

    e. It does not properly plead the elements of a claim under FDCPA;

    f. It does not properly plead the elements of a claim under FCCPA;

    g. It attempts to improperly attach individual liability to the individual defendant, EVAN ROSENBERG;

    h. It improperly lumps multiple defendants together into each count, thus making it impossible for this Defendant to discern and determine which

                allegations are being made against it and thereby making it impossible to frame a meaningful response; and

      i.      Contains a "shotgun" pleading improperly incorporating every preceding paragraph.

WHEREFORE, the Defendant, EVAN ROSENBERG, respectfully ask this Court to grant its Motion to Dismiss, with prejudice, or in the alternative, grant its Motion for a More Definitive Statement, and for all other relief deemed just and appropriate.

## MEMORANDUM OF LAW

### I. Background

Plaintiff brings the instant action against multiple defendants based on what appears to be a debt dispute centered on a foreclosure case that is still pending in Pinellas County. DE 18. The allegations against all of the defendants in Counts I, II, and III are based on FDCPA and Plaintiff's "allegations" as to each of these alleged violations consists of a zero (0) factual allegations and a mere recitation, verbatim of a specific section of the FDCPA, which the Plaintiff claims the defendants violated.

In the exact same fashion as Counts I, II and III, Counts IV and V, which are based on and alleges violations of the FCCPA, are brought against all of the defendants in this matter. Plaintiff's "allegations" as to each of these alleged violations consists of a zero (0) factual allegations and a mere recitation, verbatim of various sections of the FCCPA, which the Plaintiff claims the defendants violated.

### II. Standard of Review

When reviewing a complaint in light of a Motion to Dismiss filed under FRCP 12(b)(6), the court must accept as true the factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom. *See* Reed v. Florida, 2006 WL 4036651 (S.D. Fla. 2006) and Moore v. McNeil, 2011 WL 7145754 (S.D. Fla. 2011). In full disclosure to the Court, this appears to be especially true when parties are proceeding *pro se,* as courts do, and should, show leniency to *pro se* litigants. Houman v. Lewis, 2010 WL 2331089 (S.D. Fla. 2010). However, even though this leniency exists, it does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading. Id. A *pro se* litigant must nevertheless "conform to procedural rules." Id. citing Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).

**III. Plaintiff's Amended Complaint is in violation of this Court's Order and should be dismissed with prejudice.**

The Plaintiff's Amended Complaint was filed in violation of this Court's order as it is still in violation of F.R.C.P. 8 and 10 and thus should be dismissed with prejudice. Under F.R.C.P. 41(b), a court has authority to dismiss actions for failure to obey its orders. Goforth v. Owens, 766 F.2d 1533 (11th Cir. 1985). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989).

Here, this Honorable Court, in its order gave the Plaintiff twenty (20) days leave to amend his complaint <u>consistent</u> with the Opinion and Order. DE 17. The Court specifically found that the complaint ran afoul to Fed. R. Civ. P. 10. DE 17. Here, the Plaintiff filed his Amended Complaint which again runs afoul to F.R.C.P 10 by alleging violations of the FDCPA and FCCPA, against <u>all</u> defendants in one count. Furthermore, as will be outlined in detail below, the Plaintiffs did not amend their complaint to be consistent with the Opinion and Order and thus, the Court should dismiss the Verified Second Amended Complaint as to this Defendant with prejudice.

**IV.   Plaintiff's Amended Complaint is in Violation of F.R.C.P § 8(a)(2)**

Under FRCP 8(a)(2), "a pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . ." This rule has been interpreted to mean that it does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcraft v. Iqbal, 556 US 662 (2009) *citing* Bell Atlantic Corp. v. Twombly. 550 US 544 (2007). A pleading that offers only "labels and conclusion" will not do, nor will a complaint that merely states "naked assertions" devoid of further factual enhancement. Id. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

The Court articulated a two prong test to examine pleadings under FRCP 8(a)(2). First, that the court must accept as true all factual allegations, *besides* legal conclusions (emphasis added). Id. Recitations of a cause of action, the elements thereof, and conclusory statements will not suffice to satisfy the first prong. Id. Most notably, the Court is not bound to accept as true any legal conclusion that the pleader has tried to make as factual allegations. Id. Second, the complaint must contain a plausible claim for relief for it to survive a motion to dismiss. Id.

Applying the above pleading requirements to the Plaintiff's Amended Complaint, it is clear that the Court should dismiss this matter for violating FRCP 8(a)(2). Specifically, as seen in Counts I, II and III the Plaintiff makes a bare legal conclusion that a large group of defendants

are debt collectors under the FDCPA. DE 18. Furthermore, the Plaintiff goes on to allege, against a group of defendants, that all defendants violated the FDCPA by citing various sections of the FDCPA. DE 18. Not once in Counts I, III or III does the Plaintiff allege one fact that would support a violation of the FDCPA. DE 18.

In the exact same manner as Counts I, II, and III, in Counts IV and V, the Plaintiff utilizes the same improper, formulaic recitation of the statutory language as a pleading. First, the Plaintiff makes a bare legal conclusion that all of the defendants, are "debt collectors" within the meaning of FLA STAT. § 559.55(6). *See* DE 18. Furthermore, the Plaintiff goes on to allege, against a group of defendants, that all defendants violated the FCCPA by citing various sections of the FCCPA. DE 18. Not once in Counts IV or V, does the Plaintiff allege one fact that would support a violation of the FCCPA. DE 18. This formulaic approach against multiple defendants is not a short and plan statement in violation of the *Iqbal* standard.

Additionally, stepping aside from the *Iqbal* standard, this amended compliant does not contain a short and plain statement of the case insomuch as it joins allegations against five (5) defendants into one count. *See* DE 18. Given the current state of the pleadings, this Defendant is unable to discern which allegations are brought against it, and which are brought against the other co-defendants. Therefore, the Plaintiff's Amended Complaint should be dismissed on the above reasoning alone.

**V.   Counts I, II, and III of the Plaintiff's Amended Complaint are brought outside of the applicable Statute of Limitations and must be dismissed as to this Defendant, with prejudice.**

Counts I, II, and III of the Plaintiff's Amended Complaint is barred by the applicable Statute of Limitations and must be dismissed with prejudice as to this Defendant. The FDCPA requires that suit be filed "within one year from the date on which the violation occurs." 15

U.S.C. § 1692k(d). This Honorable Court has found that service of a debt collection lawsuit on an individual, not the filing of the lawsuit triggers the statute of limitations period. Perez v. Bureaus Inv. Group No. II, LLC, 2009 WL 1973476 (S.D. Fla. 2009). In Perez, the Defendant filed a cause of action for a breach of contract against the Plaintiff, Perez. Id. The central allegations in that dispute were that Perez' alleged debt was owed and overdue. Id. After being served with the first suit, Perez attempted to file a separate lawsuit against the Defendant alleges violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. Id. The Defendant filed a Motion to Dismiss asserting that the Plaintiff's claims were brought outside of the applicable statute of limitations, as the Plaintiff was served in the first suit more than a year prior to her bringing the instant dispute. Id. The Court found that the triggering event for the statute of limitations was the service of the complaint in the first suit. Id.

Similarly to Perez, by the Plaintiff's own admission and attachment to his own amended complaint, on August 22, 2013, he was served with the complaint in the underlying foreclosure lawsuit. DE 18 at Exhibit A. The Statute of Limitations started to run as to a FDCPA claims from the date of service, thus barring the Plaintiff from filing an FDCPA claim based on the foreclosure suit on August 22, 2014. Id. Here, as seen in the file stamped copy of the Plaintiff's Complaint, it was filed on August 25, 2014, **outside** of the applicable Statute of Limitations and thus barred. Certainly, the amendment that was filed to the Complaint on November 10, 2014, is time barred. For this reason, Counts I, II, and III of the Plaintiff's Amended Complaint must be dismissed as to this Defendant, with prejudice.

**VI.      This Defendant is protected by the litigation privilege and the Plaintiff's causes of action based on the FCCPA must be dismissed, with prejudice, as to this Defendant.**

This Defendant is protected by the litigation privilege and thus the Plaintiff's causes of action based on the FCCPA, Counts IV and V, must be dismissed, with prejudice, as to this

Defendant. Florida law provides complete judicial immunity "to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380, 384 (Fla.2007). "The Florida Supreme Court has made clear that the privilege extends to statutory causes of action: 'The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin.'" Id. "The mere existence of litigation does not attach the privilege to every communication between litigants; rather, the communication must be analyzed in light of its relation to the litigation." Perez, citing North Star Capital Acquisitions, LLC v. Krig, 611 F.Supp.2d 1324, 1331 (M.D.Fla.2009). Finally, numerous courts have held that the litigation privilege extends beyond suits in state court, and have applied it to FCCPA claims brought in federal court. Perez citing Trent v. Mortgage Elec. Registration Sys., Inc., No. 06–cv–374, 2007 WL 2120262, at *3 (M.D.Fla. Jul.20, 2007).

In Perez, the only basis for the plaintiff's alleged FCCPA claim was based on an underlying debt collection lawsuit. Id. The Court found that the collection lawsuit clearly relates to a judicial proceeding, and was the sole basis of the plaintiff's FCCPA claim. Id. The Court specifically noted that Perez did not allege or plead that basis of its claim on pre-suit collection attempts, letters, or communications, or any conduct outside of litigation the underlying collection lawsuit. Id.

Exactly as in Perez, and based on the allegations in the Plaintiff's own Amended Complaint, the only allegations pertaining to this Defendant relates to initiation of a foreclosure lawsuit against the Plaintiff. DE 18. Thus, all actions of this Defendant that the Plaintiff complains constitute a violation of the FCCPA, are protected by the litigation privilege and for

this reason the Plaintiffs' FCCPA claims, Counts IV and V, must be dismissed, with prejudice, as to this Defendant.

### VII.     Plaintiff fails to plead the necessary requirements of a FDCPA violation

In order to plead a claim under FDCPA, the Plaintiff must plead that: (1) they have been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. Pescatrice v. Orovitz, 539 F.Supp.2d 1375 (S.D. Fla. 2008).    First, the Plaintiff has not pled that this Defendant engaged in any collection activity that arose from consumer debt.  Additionally, turning to the second prong, while the Plaintiff readily classifies all of the defendants, including this Defendant, as "debt collectors," he has failed to allege even the slightest scintilla of factual evidence that would make it plausible to determine that this Defendant is in fact a debt collector. *See generally* DE 18.  However, merely stating a legal conclusion that this Defendant is a debt collector is insufficient to state a claim for relief.  *See* Correa v. BAC Home Loans Servicing LP, 2012 WL 1176701 (M.D. Fla. 2012).  Thus, the Plaintiff has not properly pled the second prong.

Turning to the third element, the Plaintiff has failed to allege any acts or omissions that would be a violation of FDCPA by this Defendant. *See generally* DE 18.  The Plaintiff has not pled **any** acts or omissions, on the part of **this** Defendant, which constitute violations of FDCPA. DE 18.  As mentioned above, and pled in the Plaintiff's own Amended Complaint, this Defendant is merely litigated a foreclosure action. DE 18.  Thus, the Plaintiffs have not properly pled the third prong.

Therefore, for the above, stated reasons, Counts I, II and III, of the Plaintiff's Amended Complaint against this Defendant must be dismissed as the Plaintiff has failed to bring an

appropriate cause of action against them insomuch as he failed to properly plead the three (3) elements of a FDCPA claim in Counts I, II, and III.

**VIII.    Plaintiff fails to plead the necessary requirements of an FCCPA violation.**

Plaintiff alleges that this Defendant violated section 559.72(9) and 559.7615, but fail to plead any facts to support such an allegation.  See DE 18 at Counts IV and V.  Again, these claims are completely comprised of an identification of all of the defendants and then a verbatim recitation of the language of the statutory section cited in violation of F.R.C.P § 8(a)(2).  Counts IV and V should be dismissed for this reason alone.

Additionally, the FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action. Kaplan v. Assetcare, Inc., et al., 88 F.Supp.2d 1355, 1363 (S.D. Fla.2000).  Here, again, the Plaintiff has not made even the slightest factual allegation that this Defendant is a debt collector within the meaning of the statute, but rather, have merely stated they are debt collectors, without any supporting factual basis for same.  DE 18.  Additionally, the Plaintiff has not alleged anywhere in his Amended Complaint that this Defendant had any knowledge or intent in order to properly plead a cause of action under FCCPA.  DE 18. Therefore, based on the Plaintiff's failure to plead any facts that this Defendant was a debt collector and had knowledge or intent related to their activities, the Plaintiff has not stated a cause of action for a violation of FCCPA against this Defendant and Counts IV and V should be dismissed with prejudice.

**IX.    The Plaintiff is unable to attach individual liability to the attorney working for Defendant, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., EVAN ROSENBERG, and the Amended Complaint must be dismissed as to this individual, with prejudice.**

The individual defendant that works for ROBERTSON, ANSCHUTZ & SCHNEID, P.L., EVAN ROSENBERG, is immune from liability and the Court should dismiss this case as to him,

with prejudice. The FDCPA exempts from the definition of a debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C.A. § 1692a(6)(A) (West). In exactly the same fashion, the FCCPA also exempts from the definition of debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Fla. Stat. §559.55(6)(a).

Here, the Plaintiff tries to allege individual liability against EVAN ROSENBERG merely because he is an attorney that worked on the foreclosure action. DE 18. Regardless of this Court's findings as to whether ROBERTSON, ANSCHUTZ & SCHNEID, P.L. is a debt collector, which this Defendant expressly denies, the individually named attorney who work for it, EVAN ROSENBERG, is immune from liability under both the FDCPA and FCCPA. Thus, the Complaint should be dismissed as to the individually named attorney, EVAN ROSENBERG, with prejudice as he is expressly exempt from the FDCPA and the FCCPA by virtue of him being an employee of Defendant, ROBERTSON, ANSCHUTZ & SCHNEID, P.L.

X. **Plaintiff's Amended Complaint is in violation of FRCP 10(b) and thus should be dismissed.**

Federal Rule of Civil Procedure Rule 10(b) states "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Here, the Plaintiff's Complaint impermissibly lumps all defendants together, and alleges generally that they breached various provisions of FDCPA and FCCPA, respectively. This is in violation of the above-referenced rule and leaves this Defendant unable to decipher which portions of the allegations relate to it, and which allegations relate solely to their co-defendants in this matter. Therefore, the Plaintiff's Amended Complaint is in violation of FRCP 10(b), and should be dismissed in its entirety as to this Defendant.

**XI.** **In the alternative, if the Court finds that this Amended Complaint should not be dismissed, the instant Defendant moves, pursuant to FRCP 12(e) for a more definitive statement as this Amended Complaint is a "shotgun" pleading.**

Shotgun pleadings, which incorporate every preceding paragraph, have been found to be in violation of FRCP 8 as they do not contain a "short and plain statement of the claims" and in violation of FRCP 10(b) which instructs parties to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances ..." Gombos v. Central Mortg. Co., 2011 WL 832878 (S.D. Fla. 2011). A defendant faced with a shotgun pleading is not expected to file a responsive pleading as it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Id. citing Anderson v. District Bd. Of Tr. of Cent. Florida Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996). The appropriate remedy for a shotgun pleading is a more definitive statement under Rule 12(e). Your Baby Can LLC v. Planet Kids Inc., 2011 WL 197421 (S.D. Fla. 2011).

Here, the Plaintiff's Amended Complaint is clearly a shotgun pleading. Every single count of this Amended Complaint incorporates all preceding paragraphs into it. *See* DE 18. As outlined above, the moving Defendant submits that this Amended Complaint should be dismissed, in its entirely, with prejudice, for those reasons articulated. However, if the Court finds that this Amended Complaint shall not be dismissed, then pursuant to the above-referenced case law, this Court should grant the alternative relief of a more definitive statement as the moving Defendant is unable to decipher the allegations against it, and form an appropriate response.

**XII.** **Conclusion**

As outlined above, the Plaintiff's Amended Complaint must be dismissed with prejudice as to this Defendant. First, the Amended Complaint suffers from the same fatal flaws as the

original complaint and thus runs afoul to this Court's October 22, 2014 order. Furthermore, the Amended Complaint does not contain a short and plain statement of the case, in violation of FRCP 8(a)(2) and the *Iqbal* standard. For this reasons, alone, the Amended Complaint should be dismissed.

As to the FDCPA claims, it is clear that the claims were filed in violation of the Statute of Limitations and thus must be dismissed with prejudice. Furthermore, the Plaintiff fails to plead the necessary requirements to bring a claim under the FDCPA. Thus, Counts I, II, and III should be dismissed as to this Defendant, with prejudice.

As to the FCCPA claims, this Defendant is entirely protected by the litigation privilege, which is applicable in Federal Court. Furthermore, and similar to the FDCPA claims, the Plaintiff has again failed to properly plead a cause of action under the FCCPA. Thus, Counts IV and V should be dismissed as to this Defendant, with prejudice.

As to the individual Defendant, EVAN ROSENBERG, the statutes involved in this suit, the FDCPA and the FCCPA, expressly exempt the individual attorneys who worked for ROBERTSON, ANSCHUTZ & SCHNEID, P.L. from liability. Thus, the Amended Complaint should be dismissed as to this individual with prejudice.

This Amended Complaint is also in violation of FRCP 10(b) as it does not state each claim in separately numbered paragraphs. Rather, it improperly groups defendants, and allegations, and ideas into the same paragraphs.

Finally, the Amended Complaint improperly incorporates each preceding paragraph and thus is a "shotgun" pleading, in violation of FRCP 8 and 10(b). Thus, if the Court grants no other relief, it should grant a motion for a more definitive statement pursuant to FRCP 12(e).

<u>Certificate pursuant to Local Rule 7.1</u>

Case No. Case No. 8:14-cv-02068-MSS-MAP

Pursuant to Local Rule 7.1(a)(3) a motion to dismiss for failure to state of cause of action is expressly exempt from the pre-filing conference requirements.

Case No. Case No. 8:14-cv-02068-MSS-MAP

### CERTIFICATE OF SERVICE

      I hereby certify that on February 4, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

      COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977


By: s/ Anika Campbell
ANIKA R. CAMPBELL
Florida Bar. No. 037371
E-mail Address: anika.campbell@csklegal.com
STEPHEN HARBER
Florida Bar. 096374
Email Address: stephen.harber@csklegal.com

**SERVICE LIST**
Mark S. McFadden
6070 66th Avenue North
Pinellas Park, FL 33781

Mark S. McFadden
4245 0118th Circle
Clearwater, FL 33762

JULIE S. SNEED
Florida Bar No.: 51594
julie.sneed@akerman.com
REBECCA N. SHWAYRI
Florida Bar No. 868531
rebecca.shwayri@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602

WILLIAM P. HELLER

Case No. Case No. 8:14-cv-02068-MSS-MAP

Fla. Bar No.: 987263
william.heller@akerman.com
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301

l:\1085-0498-00\pleading\motion\motion - to dismiss amended cal by er.docx