**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARK S. MCFADDEN,**

    **Plaintiff,**

v.                                                          Case No: 8:14-cv-2068-T-35MAP

**U.S. BANK N.A., ROBERTSON,**
**ANSCHUTZ & SCHNEID, P.L., COREY**
**LEWIS, individually, and EVAN S.**
**ROSENBERG, individually,**

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice or in the Alternative Motion for a More Definite Statement (Dkt. 39) ("Motion") filed by Defendants Robertson, Anschutz & Schneid, P.L. ("Law Firm"); Corey Lewis, individually; and Evan S. Rosenberg, individually (collectively "Defendants"),[1] and the Response in opposition thereto filed by Plaintiff, Mark S. McFadden. (Dkt. 44) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES in part and GRANTS in part** Defendants' Motion, as described herein.

---

[1] Defendant U.S. Bank N.A. and Defendant Tara Heydt, individually, were previously dismissed from this action.

**I.     BACKGROUND**

This dispute arises out of a foreclosure action initiated in Florida state court. (Dkt. 38) Plaintiff, proceeding *pro se*, alleges that Defendants filed a foreclosure action against his property on June 26, 2013, in Pinellas County, Florida ("Foreclosure Action"). (Id. at 2) Plaintiff responded to the Foreclosure Action complaint, and on September 11, 2013, he filed a "Notice of Dispute," demanding a validation of the underlying debt. (Id. at 2-3, 9) As of the date of the filing of the complaint, Plaintiff alleges that he had not received a debt validation from Defendants and Defendants have continued to attempt to collect the alleged debt. (Id. at 2-3) Plaintiff also alleges that Defendants have filed fraudulent documents in the Foreclosure Action. (Id. at 3, 11–13) Specifically, Plaintiff alleges that as part of the Foreclosure Action complaint Defendants filed three separate assignments. (Id.) The first reflects an assignment of the mortgage from First Franklin Financial Corp. ("FFFC") to National City Bank of Pennsylvania on March 18, 2005. The second reflects another assignment of the same mortgage from FFFC on October 11, 2006; however, that assignment has no named assignee. The third reflects an assignment of the mortgage between FFFC and U.S. Bank on May 24, 2013. (Id.)

The Court previously dismissed Plaintiff's original complaint as in violation of Federal Rule of Civil Procedure Rule 10 and as having alleged insufficient facts to establish Defendants to be "debt collectors" under the statute. (Dkt. 17) The Court, on Defendants' motion, also dismissed Count IV of Plaintiff's Amended Complaint without prejudice, Counts I, II, and V of Plaintiff's Amended Complaint with prejudice, and dismissed Plaintiff's Amended Complaint and the remaining count with leave to amend. (Dkt. 37)

Plaintiff has filed his Second Amended Complaint. (Dkt. 38) Count I[2] of Plaintiff's Second Amended Complaint alleges a violation of Title 15 U.S.C. § 1692g against multiple Defendants based on Defendants' alleged failure to answer the Notice of Dispute and their continued collection activities. (Id. at 3-5) Defendants have filed the instant Motion to Dismiss in which they argue that many infirmities identified by the Court in the first and second dismissal remain.

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the

---

[2] Count I in Plaintiff's Second Amended Complaint was previously Count III in both Plaintiff's Original Complaint and Amended Complaint.

3

factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III. DISCUSSION

"The elements of an FDCPA claim include: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'"  Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (quoting Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)).

Defendants contend that the claim is brought outside the applicable statute of limitations, Plaintiff cannot attach individual liability to Defendant Lewis and Defendant Rosenberg as individual attorneys working for the law firm, Plaintiff has not properly pled a cause of action under the FDCPA, and Plaintiff's allegations improperly lump multiple defendants together.  Each contention is addressed in turn.

### A. Is the Section 1692g Action Brought Outside the Statute of Limitations

First, Defendants contend that Plaintiff's Section 1692g action was brought outside the applicable statute of limitations and, thus, is time barred.  The FDCPA requires that suit be filed "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d) (2015).  Defendants acknowledge that the Court found in its prior Order (Dkt. 37) that Plaintiff's Section 1692g claim was brought within the applicable statute of limitations.  Subsequent to that finding, the Court granted Defendants' motion to dismiss without prejudice based on grounds other than the statute of limitations.  It is now Defendants' contention that the "Court's dismissal without prejudice is tantamount to a

4

dismissal with prejudice as the claim is now time barred." (Dkt. 39 at 6) Thus, notwithstanding the fact that Plaintiff's initial complaint was filed within the one-year statute of limitation, Defendants argue that Plaintiff's subsequent complaints are barred because they fall outside that one year threshold. This contention fails.

Defendants' argument is premised on the decision in <u>Harrison v. Board of Regents of University System of Georgia</u>, 519 Fed. Appx. 641 (11th Cir. 2013). In <u>Harrison</u>, the court dismissed the plaintiff's complaint without prejudice, finding that it was 285 paragraphs and 85 pages; consisted mostly of conclusory legal allegations and legal arguments; was a shotgun pleading; and failed to plead each separate cause of action in a separate count. <u>Id.</u> at 642. The court permitted the plaintiff to file an amended complaint that conformed to the Federal Rules of Civil Procedure but warned the plaintiff that failure to comply would lead to dismissal of his case. <u>Id.</u> The plaintiff's amended complaint was similar to the original, consisting of 231 paragraphs and 82 pages, and the court dismissed plaintiff's case with prejudice. <u>Id.</u> The plaintiff appealed, and the appellate court affirmed the lower court's decision to dismiss plaintiff's case finding that the plaintiff *willfully* failed to comply with the court's order. <u>Id.</u> at 643. (emphasis added) Defendants rely on dicta in <u>Harrison</u>, which recited the proposition held in <u>Burden v. Yates</u>, 644 F.2d 503 (11th Cir. 1981),[3] that if the statute of limitations has run at the time the court dismisses a claim without prejudice, the dismissal without prejudice is tantamount to a dismissal with prejudice because the statute of limitations bars refiling of the claim. <u>See</u> <u>Harrison</u>, 519 Fed. Appx. 641 at fn 2.

Defendants' reliance on <u>Harrison</u> is misplaced because, unlike the courts'

---

[3] <u>See</u> <u>Bonner v. City of Prichard</u>, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

5

dismissal of the plaintiffs' complaints in Harrison and in Burden, in the instant case, as previously mentioned in this order, the Court's prior Order dismissed Plaintiff's claim *with leave to amend*. (emphasis added) (See Dkt. 37.)  See also McFarlin v. Douglas County, 587 Fed. Appx. 593, 596 (11th Cir. 2014).  In McFarlin, the Eleventh Circuit held that if a court dismisses a claim after the statute of limitations has run and in the same order permits the plaintiff *leave to amend*, the refiling of the complaint relates back to the original complaint. Thus, the statute of limitations does not bar refiling the claim. (emphasis added).  In addressing the same issue presented in this case, in McFarlin, the Eleventh Circuit stated,

> [n]otably, our decision in Burden provided no indication the plaintiff would have been permitted to file an amended complaint.  The judge [in the case before us], however, granted [the plaintiff] leave to file, in the same action, an amended complaint that would have related back to his initial complaint. See Fed.R.Civ.P. 15(c)(1).

Id. at 596.

Moreover, in Burden, the Eleventh Circuit reversed the district court's dismissal of the plaintiff's complaint without prejudice as improper.  644 F.2d at 505.  In doing so, the Eleventh Circuit noted that the dismissal was tantamount to a dismissal with prejudice and that the record did not indicate that the plaintiff willfully failed to comply with the court's order to warrant such a severe sanction.  Burden, 644 F.2d at 505.

Likewise, this Court does not find that Plaintiff's failure to comply with the Court's Order warrants such a severe sanction as a dismissal with prejudice.  Although Plaintiff falls short of submitting a complaint that conforms entirely to the Federal Rules of Civil Procedure, it appears that Plaintiff attempted to comply with the Court's Order.  Moreover, "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the

benefits of a legal education." Houman v. Lewis, No. 09–82271–CIV, 2010 WL 2331089, * 1 (S.D. Fla. June, 10, 2010). Therefore, the Court finds that the statute of limitations does not bar Plaintiff from filing his Second Amended Complaint because the Order dismissing Plaintiff's Amended Complaint was without prejudice and *with leave to amend*.

### B. Can Defendant Lewis and Defendant Rosenberg be held Individually Liable

Next, Defendants argue that individual attorneys, Defendant Lewis and Defendant Rosenberg, are not subject to liability under the FDCPA. Defendants contend that the FDCPA exempts from the definition of a debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A) (2015). Thus, Defendants contend, Defendant Lewis and Defendant Rosenberg cannot be held individually liable under the FDCPA because they are employees of the Law Firm and, consequently, are "expressly exempt from liability for working on the foreclosure action as an attorney." (Dkt. 39 at 7). The Court finds this argument unpersuasive.

As the Defendants acknowledge, the Court determined in its previous Order that Defendant Law Firm may be a debt collector under the FDCPA and, if so, necessarily *not* a creditor. It follows that if Defendant Law Firm is a debt collector, then Defendant Lewis' and Defendant Rosenberg's attempt to categorize themselves as employees or officers of a creditor fails because they are employed by Defendant Law Firm. Moreover, law firms and individual attorneys may be held liable under the FDCPA if they are found to be debt collectors and violate one of its provisions. See Heintz v. Jenkins, 514 U.S. 291, 299 (1995) (holding that the FDCPA applies to lawyers who "regularly" engage in consumer-debt-collection activity, even when that activity consists of litigation); Miljkovic

7

v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1302 (11th Cir. 2015) (finding that the FDCPA "applies to the litigating activities of lawyers and law firms engaged in consumer debt collection, subject only to the limited exceptions Congress has chosen to include in the statute."); In re Cooper, 253 B.R. 295, 297 (Bankr. N.D. Fla. 2000) ("It is clear that attorneys may be held liable under the FDCPA if they regularly, through litigation, attempt to collect consumer debts.") (citing Heintz, 514 U.S. at 291).

"[A] plaintiff sufficiently states that a law firm is a debt collector if it shows that the firm 'regularly engages in consumer-debt-collection . . . litigation,' that the firm works for a company to whom it believes the plaintiff owes a debt, and that the law firm had 'specific information' about the plaintiff's debt." Freire v. Aldridge Connors, LLP, 994 F. Supp. 2d 1284, 1288 (S.D. Fla. 2014) (quoting Battle v. Gladstone Law Group, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013)). See e.g. Battle, 951 F. Supp. 2d at 1313 (finding that plaintiff pled facts that could establish that an individual attorney working for a law firm was a debt collector; therefore, the attorney could be liable under the FDCPA). "An individual may be found to have 'materially participated' in debt collection if the individual 'regularly engaged, directly or indirectly, in the collection of debts.'" Id. (quoting Brink v. First Credit Resources, 57 F. Supp. 2d 848, 862 (D. Ariz. 1999)). See also Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L., 950 F. Supp. 2d 1271 (2013) (denying the motion to dismiss of an individual attorney of a law firm finding that the FDCPA does not require allegations be pled with particularity concerning whether an individual regularly collected debt; therefore, the complaint adequately alleged the attorney was a debt collector under the FDCPA); Brussels v. David E. Newman, P.A., No. 06-61325-CIV-COHN/SNOW, 2007 WL 676189, *1-2 (S.D. Fla. Feb. 28, 2007) (denying defendant

attorney's motion to dismiss finding the defendant attorney's argument that he could not be held individually liable because he was acting under his law firm was without merit); Graveling v. BankUnited N.A., 970 F. Supp. 2d 1243 (2013).  As such, the case law does not support Defendants' contention that attorneys acting within the scope of their employment with a law firm are immune from individual liability.

Here, Plaintiff alleges that Defendant Rosenberg is a debt collector because he "used the mails to attempt to collect an alleged debt when he sent Plaintiff discovery attempting to collect on an alleged debt in default" and he "regularly attempts to collect debts" on Defendant Law Firm's behalf because Defendant Law Firm "specializes in the collection of mortgages which are in default." (Dkt. 38 at 3)  Plaintiff submitted Exhibit K (Dkt. 38 at 18), which is a screen shot from Defendant Law Firm's website that states the Defendant Law Firm has "years of experience in successfully representing financial institutions in a variety of banking law matters with a specialization of mortgages in default."  Similarly, Plaintiff alleges that Defendant Lewis is a debt collector under the FDCPA because,

> Lewis used the mails to attempt to collect an alleged debt which is in default on behalf of Law firm Robertson which specializes in the collection of mortgages which are in default.  Lewis, acting on behalf of Robertson, continued to attempt the collection of a debt without first validating the debt as required by the FDCPA[,] by using the mails[sic] to continue to attempt to collect a debt[,] by filing a Notice to set the case for trial as well as filing Plaintiff's Notice of Intent to Offer At Trial (attached exhibit C)[,] which excludes the Chain of Title to the debt as demanded by #4 of Plaintiffs[sic] Notice of Dispute (attached exhibit B).

(Dkt. 38 at 4).  Plaintiff has sufficiently raised an inference that the individual attorneys regularly engaged in consumer-debt-collection litigation, they are employed by a firm that works for a company to which Plaintiff allegedly owes a debt, and the individual attorneys

9

and the law firm had specific information about Plaintiff's debt. Therefore, Plaintiff has alleged facts sufficient to show that Defendant Rosenberg and Defendant Lewis are debt collectors under the FDCPA and, allegedly, materially participated in his foreclosure action. As such, Defendants' Motion to Dismiss the individual attorneys Defendant Rosenberg and Defendant Lewis with prejudice based on their being immune from individual liability is without merit.

### C. Has Plaintiff Sufficiently Pled a Cause of Action under the FDCPA

Next, Defendants contend that Plaintiff failed to allege all the elements of the cause of action he attempts to assert under the FDCPA. Specifically, Defendants contend that Plaintiff's Second Amended Complaint only alleges that Plaintiff was the object of collection activity arising from consumer debt and Defendants are debt collectors as defined by the FDCPA. Therefore, Defendants contend, Plaintiff failed to allege facts establishing that Defendants engaged in acts prohibited by the FDCPA.

As previously stated, to plead a prima facie FDCPA claim Plaintiff must allege (1) Plaintiff has been the object of collection activity arising from consumer debt, (2) Defendants are debt collectors as defined by the FDCPA, and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. See Pescatrice, 539 F. Supp. 2d at 1378. "When a litigant is proceeding *pro se,* liberal construction of pleadings is particularly important," and courts should show leniency when construing the pleadings. Houman, No. 09–82271–CIV, 2010 WL 2331089 at * 1. Thus, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Trawinski v. United Techs., Carrier Corp., 313 F.3d 1295, 1297

(11th Cir. 2002) (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam)).

### 1. Defendant Lewis and Defendant Law Firm

The Court construes Plaintiff's Second Amended Complaint liberally and finds Plaintiff has sufficiently alleged facts, which, if true, raise the inference that Defendant Lewis and Defendant Law Firm violated the FDCPA.  Specifically, Plaintiff's Second Amended Complaint alleges that,

> Lewis, acting on behalf of Robertson, continued to attempt the collection of a debt without first validating the debt as required by the FDCPA by using the mails to continue to attempt to collect a debt by filing a Notice to set the case for trial as well as filing Plaintiff's Notice of Intent to Offer At Trial . . . which excludes the Chain of Title to the debt as demanded by #4 of Plaintiffs[sic] Notice of Dispute.

(Dkt. 38 at 4).  The FDCPA requires that, upon request by a debtor, a debt collector must provide validation of the alleged debt and collection activity must cease until the debt validation is provided.  15 U.S.C. § 1692g.  Plaintiff alleges a specific violation of the FDCPA against Defendant Lewis, on behalf of Defendant Law Firm, by alleging Defendant Lewis sent notices and engaged in collection activity subsequent to Plaintiff's request for debt validation and without first providing the requisite debt validation.

Consistent with principal and agency notions, Defendant Lewis' actions, taken within the scope of his employment with Defendant Law Firm or on behalf of the Defendant Law Firm, are deemed actions taken by Defendant Law Firm.  See <u>Madio Group, Inc. v. Shores</u>, 897 F. Supp. 1408, 1411 (M.D. Fla. 1995) ("A principal is liable for tortious acts of its agent which occur within the course and scope of the agent's employment.").  It is axiomatic that individual attorneys act as agents for their respective law firms, the principal, when acting within the scope of their employment.  Therefore, any

contention that Plaintiff failed to sufficiently alleged FDCPA violations directly against Defendant Law Firm is without merit. Accordingly, Plaintiff adequately pled the elements of his cause of action under the FDCPA against both Defendant Law Firm and against Defendant Lewis, individually.

### 2. Defendant Rosenberg

Plaintiff's assertion that Defendant "Rosenberg used the mails to collect on an alleged debt when he sent Plaintiff Discovery attempting to collect on an alleged debt which is in default" falls short of alleging that Defendant Rosenberg violated any provision under the FDCPA. Use of the mail to collect on an alleged debt is not, in and of itself, a violation under the FDCPA. Thus, Plaintiff has not pled facts sufficient to allege that Defendant Rosenberg committed a violation under the FDCPA.

The Court recognizes that a *pro se* litigant is provided leniency regarding pleadings. "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Here, Plaintiff has been afforded multiple attempts to formulate a cognizable action against Defendants, including Defendant Rosenberg. In its prior orders, the Court has provided Plaintiff direction on what deficiencies to cure. This is Plaintiff's third attempt, and Plaintiff has been unable to articulate sufficient facts alleging that Defendant Rosenberg violated any provision of the FDCPA. The Court now knows Plaintiff understands how to plead such an action, as he has done so successfully against the remaining Defendants. Thus the Court concludes

that Plaintiff has no facts that would support such an action against Rosenberg. It would be inappropriate to direct a third attempted amendment for Plaintiff to conjure up facts in support of such a claim. Consequently, Defendant Rosenberg is dismissed from this action with prejudice.

### D. Does Plaintiff's Second Amended Complaint Sufficiently Apprise Defendants of the Allegations Against Them

Defendants' argue that similar to Plaintiffs prior complaint, Plaintiff's Second Amended Complaint improperly lumps multiple defendants together under a single count. The Court notes that while Count I of Plaintiff's Second Amended Complaint does not separate the remaining defendants into separate counts, it stands in stark contrast to the previous complaint in which the Court found it would be difficult for each defendant to discern which transaction or occurrence pertained to that defendant. To be clear, Plaintiff's prior complaint contained numerous Rule 10 violations, including shotgun pleading, lumping multiple causes of action under the FDCPA under a single count, and alleging those multiple causes of action in a single count against multiple defendants. By contrast, Plaintiff's Second Amended Complaint is no longer a shotgun pleading, and it alleges only one count and a violation of only Section 1692g of the FDCPA against the remaining Defendants.

Plaintiff is proceeding *pro se* and cannot be expected to artfully formulate a complaint as an attorney would. Therefore, the Eleventh Circuit instructs that the Court should afford Plaintiff latitude when construing the pleading. Viewing the complaint in this way, the Court finds that Plaintiff's allegations are sufficiently clear to permit the remaining Defendants to ascertain the nature of the allegations against them. Having found that Plaintiff has adequately alleged a cause of action against Defendant Law Firm and

Defendant Lewis, individually, Defendant Law Firm and Defendant Lewis are directed to file answers to the Complaint within twenty-one (21) days from the date of this Order. Through the discovery process, Defendants will acquire information necessary to prepare their defenses. Accordingly, Defendants' Alternative Motion for a More Definite Statement is denied.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice or in the Alternative Motion for a More Definite Statement (Dkt. 39) is **DENIED in part and GRANTED in part**.

2. Defendant Rosenberg is **DISMISSED with prejudice**.

3. Defendants' Alternative Motion for a More Definite Statement is **DENIED**.

4. Defendant Law Firm and Defendant Lewis are **DIRECTED** to file an answer to the Second Amended Complaint. Defendant Law Firm and Defendant Lewis shall each have up to and including **twenty-one (21)** days from the date of this Order to file an answer to the Second Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of February, 2016.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person