UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 8:14-cv-02068-MSS-MAP

MARK S. MCFADDEN,

      Plaintiff,

v.

US BANK, N.A., ROBERTSON,
ANSCHUTZ & SCHNEID, P.L.;
COREY LEWIS, Individually;
TARA HEYDT, Individually;
EVAN S. ROSENBERG, Individually,

      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES FILED ON BEHALF OF DEFENDANTS ROBERTSON, ANSCHUTZ & SCHNEID, P.L. AND COREY LEWIS IN RESPONSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT

    Defendants Robertson, Anschutz & Schneid, PL ("RAS") and Attorney Corey Lewis, submit the following Answer and Affirmative Defenses to the Amended Complaint filed against them, and say:

### PRELIMINARY STATEMENT

    1.    Admitted as to Plaintiff's intent.  Denied for all other purposes, including Plaintiff's entitlement to the relief sought.

    2.    Without knowledge as to Plaintiff "belief and information."  Therefore, denied.  Further denied that Plaintiff is entitled to go on a "fishing expedition" to identify other non-party individuals who have allegedly "suffered similar violations."

    3.    Admitted that Plaintiff so contends.  Denied that there is a factual and legal basis on which to base his contention(s).

    4.    Denied.

### JURISDICTION AND VENUE

    5.    Admitted that the Court has jurisdiction, (although there are not state law claims).  Otherwise, denied.

6.  Admitted that venue is proper before this Court. Otherwise, denied.

## PARTIES

7.  Without knowledge, therefore denied.

8.  Admitted.

9.  Admitted.

10. Admitted, with the caveat that this Court previously dismissed all claims against former Defendant Rosenberg with prejudice.

11. Without knowledge, therefore denied.

## FACTUAL ALLEGATIONS

12. Denied that the foreclosure action is a "collection action on a consumer debt" for purposes of the Fair Debt Collection Practices Act ("FDCPA"). Otherwise, admitted.

13. Admitted.

14. Without knowledge and therefore denied.

15. Admitted that Tara Heydt is not named a Defendant in the Amended Complaint. Otherwise, without knowledge and therefore denied.

16. The court record and filings in the Foreclosure Action speak for themselves. . To the extent the allegations in the instant case are construed to incorporate allegations in the Foreclosure Action and directed toward RAS and Lewis, they are denied.

17. Denied that the Foreclosure Action constitutes an attempt to collect a debt for purposes of the FDCPA. Denied that Lewis would necessarily have covered the trial. See response to paragraph 16 above, incorporated herein by reference. Otherwise, admitted.

18. Denied that Rosenberg is a Defendant as this Court has dismissed all claims against him with prejudice. Denied that Rosenberg had any obligation to provide the Plaintiff with debt validation. Denied that the Foreclosure Action constitutes an attempt to collect a debt for purposes of the FDCPA. See Response to paragraph 16 above, incorporated herein by reference.

19.     The "Notice of Dispute" speaks for itself.  Otherwise, denied, and specifically denied that RAS or Lewis filed any "false, misleading and deceptive documents into the court record."

20.     The Exhibits speak for themselves.  Otherwise, denied.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692g

21.     Paragraphs 1 through 20 are answered as above as if fully incorporated herein.

22.     Section 1692a (3) of the FDCPA speaks for itself.  Without knowledge and therefore denied that Plaintiff is a "consumer" as defined therein.

23.     Section 1692a (6) of the FDCPA speaks for itself.  Denied that RAS is a "debt collector" as defined therein, and specifically averred that foreclosure is not "debt collection activity" as defined by the FDCPA and interpreted for and within the state of Florida.

24.     Denied. Section 1692a (6) of the FDCPA speaks for itself.  Denied that Rosenberg is a "debt collector" as defined therein, and specifically averred that foreclosure is not "debt collection activity" as defined by the FDCPA and interpreted for and within the state of Florida.  In addition, this Court previously dismissed with prejudice all claims against Defendant Rosenberg.

25.     Section 1692a (6) of the FDCPA speaks for itself.  Otherwise, denied.

26.     Without knowledge and therefore denied.

27.     Exhibit "D" speaks for itself.  Admitted that Plaintiff defaulted in his obligations under the operative Note and Mortgage.  Denied that foreclosure constitutes "debt collection" as defined by the FDCPA and interpreted for and within the state of Florida.  Otherwise, without knowledge and therefore denied.

28.     Section 1692a (6) of the FDCPA speaks for itself.  Denied that Lewis is a "debt collector" as defined therein, and specifically averred that foreclosure is not "debt collection activity" as defined by the FDCPA and interpreted for and within the state of Florida. .

Case No. Case No. 8:14-cv-02068-MSS-MAP

## AFFIRMATIVE DEFENSES

**A. Failure to state a cause of action for which relief may be granted**: Plaintiff alleges only that RAS and Lewis did not provide him with a debt validation letter in response to the Notice of Dispute he filed with the trial court. Plaintiff fails to state a cause of action (a) because he fails to allege either of these Defendants sent him or was obligated to send him a 1692g letter (which they were not); (b) neither of these Defendants was obligated (nor did Plaintiff allege that they were obligated) to send him a debt validation letter in response to his "Notice of Dispute;" and (c) because he fails to allege that he timely responded to any 1692g letter sent him. The obligation to validate a debt arises only where the putative borrower seeks one from the entity that sent the 1692g letter (which must be sent within 5 days of the "initial communication" (of which the filing of a complaint is not) and within 30 days of receipt of the 1692g letter.

**B. Statute of Limitations**: This action is barred by the applicable statute of limitations.

**C. Filing of Complaint is not an "initial communication" under the FDCPA**: The FDCPA requires that a debt collector (of which RAS and Lewis are not) provide the putative debtor with a 1692g letter within 5 days of the "initial communication." The filing of a foreclosure complaint is not an "initial communication" under the FDCPA. Accordingly, not even the law firm that filed the Foreclosure Action was required to send the Plaintiff validation of his debt, let alone RAS/Lewis which was substituted in as counsel for the foreclosing plaintiff long after the fact.

**C. Untimely Demand**: The above notwithstanding, the FDCPA requires the debtor to seek debt validation of the putative debt within 30 days of the 1692g letter. The Plaintiff alleges that prior counsel filed the Foreclosure Complaint against him on June 26, 2013 and that he filed his Notice of Dispute on September 11, 2013.

**D. RAS/Lewis are not "debt collectors" engaged in "debt collection" activities**: Foreclosure is not "debt collection" as defined by the FDCPA and interpreted for and within the state of Florida. These defendants affirmatively state that they are not debt collectors and at no time relevant to this suit were they engaged in the collection of debt.

Defendants reserve the right to amend their affirmative defenses as discovery is in its infancy.

Case No. Case No. 8:14-cv-02068-MSS-MAP

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 26, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

         COLE, SCOTT & KISSANE, P.A.
         *Attorneys for Defendants, Robertson, Anschutz & Schneid, PL and Corey Lewis*
         222 Lakeview Ave., Suite 120
         West Palm Beach, Florida 33401
         Telephone: (561) 383-9200
         Facsimile: (561) 683-8977


        By:  /s/ Stephen Harber
         ANIKA R. CAMPBELL
         Florida Bar No. 37371
         E-mail Address: anika.campbell@csklegal.com
         STEPHEN N. HARBER
         Florida Bar No.: 96374
         E-mail Address: stephen.harber@csklegal.com


**SERVICE LIST**
Mark S. McFadden
6070 66th Avenue North
Pinellas Park, FL 33781

Mark S. McFadden
4245 0118th Circle
Clearwater, FL 33762


l:\1085-0498-00\pleading\complaint, answer\answer -ras answer and affirmative defenses to second amended complaint.docx