UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 8:14-cv-02068-MSS-MAP

MARK S. MCFADDEN,

    Plaintiff,

v.

US BANK, N.A., ROBERTSON,
ANSCHUTZ & SCHNEID, P.L.;
COREY LEWIS, Individually;
TARA HEYDT, Individually;
EVAN S. ROSENBERG, Individually,

    Defendants.
_____/

## DEFENDANTS, ROBERTSON, ANSCHUTZ & SCHNEID, P.L. AND COREY LEWIS, MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Defendants, ROBERTSON, ANSCHUTZ & SCHNEID, P.L. AND COREY LEWIS (hereinafter the "Defendants"), by and through the undersigned counsel and pursuant to Fed. R .Civ. P. 12(c), hereby files this, their Motion for Judgment on the Pleadings and in support thereof, states as follows:

1. The Plaintiff's operative complaint consists of one count alleging a violation of the FDCPA, specifically 15 U.S.C. §1692g. DE 38.

2. The only defendants left in this case, Robertson, Anschutz and Schneid, P.L. and Corey Lewis, answered the Plaintiff's Second Amended Complaint on February 26, 2016. DE 58.

3. As will be outlined in detail below, accepting the allegations in the Plaintiff's Second Amended Complaint as true[1], the allegations against Robertson, Anschutz and Schneid, P.L. and Corey Lewis, do not give rise to a cause of action under the FDCPA.

4. If this Court somehow finds that the Plaintiff's allegations do trigger the protections under the FDCPA, the Plaintiff's failure to timely make a request for validation under the FDCPA are fatal to his claim.

5. For these reasons, Robertson, Anschutz and Schneid, P.L. and Corey Lewis are entitled to judgment being entered in their favor based solely on the pleadings.

## MEMORANDUM OF LAW

Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. Hawthorne v. MacAdjustment, 140 F.3d 1367 (11th Cir. 1998). The only cause of action that survived the aforementioned motion to dismiss and is at issue is the Plaintiff's allegations that the Defendants Violated the Fair Debt Collection Practices Act (FDCPA), specifically, 15 U.S.C. §1692g. DE 38. In order to prevail on a Fair Debt Collection Practices Act (FDCPA) claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. McCorriston v. L.W.T., Inc., 536 F.Supp.2d 1268 (M.D. Fla. 2008) citing Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

According to the Plaintiff's Second Amended Complaint, on June 26, 2013, a foreclosure case was initiated by U.S. Bank NA and a notice pursuant to the FDCPA was sent to him. DE 38

---

[1] Defendants only accept the Plaintiff's allegations as true for purposes of the instant Motion.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

at ¶ 12 and Exhibit I.  Plaintiff alleges he responded to the Foreclosure Complaint and also filed a Notice of Dispute into the court records on September 11, 2013.  DE 38 at ¶ 13.

Further, the Plaintiff alleges that on September 17, 2014, Robertson, Anschutz and Schneid noticed their appearance on behalf of U.S. Bank, N.A.  DE 38 at ¶ 16.  The Plaintiff's only substantive allegation as it relates to Corey Lewis is that on July 30, 2014, he received a Notice to Set Case for Trial which was signed by Corey Lewis.  DE 38 at ¶ 17.

The crux of the Plaintiff's entire complaint in this case rests on the allegation that he never received a debt validation that he requested on September 11, 2013, in violation of § 1692g.  DE 38 at ¶ 14.

15 U.S.C. §1692g(a) and (b) provide, in relevant part:

(a)  Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1)  the amount of the debt;

(2)  the name of the creditor to whom the debt is owed;

(3)  a statement that unless the consumer, within **thirty days after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)  a statement that if the consumer notifies the debt collector in **writing within the thirty-day period** that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)  a statement that, upon the consumer's written **request within the thirty-day period**, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b)  Disputed debts. If the consumer notifies the debt collector in writing within the **thirty-day period described** in subsection (a) that the debt, or any portion

> thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . .

(emphasis added)

As will be outlined below, the Defendants are entitled to judgment on the pleadings as foreclosure litigation is not a debt collection activity and the Plaintiff did not make a timely dispute pursuant to 15 U.S.C. §1692g and thus, no validation was required.

### I. Foreclosure Activity is not Debt Collection Activity for purposes of FDCPA.

Foreclosing on a security interest is not a debt collection activity for purposes of the FDCPA. As illustrated in the Warren, case, the Eleventh Circuit held that foreclosing on a security interest is not "debt collection activity" for purposes of the FDCPA. Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009); Trent v. Mortg. Elec. Registration Sys., 618 F.Supp.2d 1356, 1360 (M.D. Fla. 2007); Tonea v. BOA, N.A., 6 F.Supp.3d 1331 (N.D. Ga. 2014) (plaintiff alleged that defendant violated the FDCPA by not responding to plaintiff's QWR and the Magistrate Judge found that relief could be granted on that claim because a mortgage foreclosure action is not debt collection activity under the FDCPA); Walker v. Greenspoon Marder, P.A., 2014 U.S. Dist. LEXIS 173904 (S.D. Fla. 2014) (legal pleadings do not constitute "initial communication" under the FDCPA). "The rationale for this finding is aptly explained in precedent interpreting the FCCPA's federal counterpart, the Fair Debt Collection Practices Act (FDCPA) - - that is, foreclosing on a mortgage 'is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing … is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is

- 4 -

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

foreclosing its interest in the property.'" Trent, 618 F.Supp. at 1360 *citing* Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).

In Tharpe, a *pro se* plaintiff filed a complaint against a mortgage company alleging the mortgage company violated the FDPCA through a series of communications about mortgages bearing his name. Tharpe v. Nationstar Mortg. LLC, 2016 U.S. App. LEXIS 904 (11th Cir. 2016). The district court dismissed the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Id. The district court construed the complaint to allege that the mortgage company's only communication with the plaintiff was the filing of the foreclosure action. Id. The district court reasoned that the complaint failed to state a cause of action for which relief could be granted because a foreclosure does not count as debt collection activity for FDCPA purposes. Id. On appeal, in an unpublished opinion, the 11th Circuit found its prior decision in Reese v. Ellis, Painter, Ratterree & Adams, 678 F.3d 1211 (11th Cir. 2012), to offer guidance. The 11th Circuit found that Reese made two points that were significant in their analysis: (1) Reese noted that none of our published precedents decided the question on which the district court in that case rested its holding: "whether enforcing a security interest is itself debt-collection activity covered by the [FDCPA] and (2) Reese noted that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest." Id. at 1218. The Tharpe court then stated that the question is whether the plaintiff's complaint sufficiently alleges that in addition to acting to foreclose on his property the mortgage company communicated with him in an attempt to collect on the note. Tharpe, 2016 U.S. App. LEXIS at [2]. As a pro se party, the 11th Circuit found that the plaintiff's complaint alleged more than the fact that the mortgage company undertook to foreclose on the property but

that it alleged it had attempted to collect on the note for the last 7 years. Id. Based on this finding, the court reversed and remanded. Id.

As outlined above, courts in the Middle District of Florida and the 11th Circuit Court of Appeals have found that mortgage foreclosure is not debt collection activity under FDCPA. Taking the Plaintiff's allegations against Robertson, Anschutz and Schneid, P.L. and Corey Lewis as true, the only allegations the Plaintiff makes against them are that they represented U.S. Bank, NA in the mortgage foreclosure case over a year after the case was already initiated and filed certain documents in that case. DE 38. As the litigation of a mortgage foreclosure case is not debt collection activity, the instant Plaintiff has no cause of action for a violation of the FDCPA against Robertson, Anschutz and Schneid and Corey Lewis.

Furthermore, in analyzing the rational employed by the Tharpe court, unlike in Tharpe the Plaintiff in the instant case has not once alleged that Robertson, Anschutz and Schneid and Corey Lewis did anything but litigate the mortgage foreclosure action. DE 38. There is not one allegation that Robertson, Anschutz and Schneid or Corey Lewis ever attempted to collect on the note. Rather, taking the allegations in the Plaintiff's Second Amended Complaint as true, the only allegations that relate to Robertson, Anschutz and Schneid are that it is authorized to do business in Florida [DE 38 at ¶ 7], that the Plaintiff received notice that Robertson, Anschutz and Schneid was representing U.S. Bank, N.A. in the foreclosure action on September 17, 2014 [DE 38 at ¶ 16]; and a conclusory allegations that Robertson, Anschutz and Schneid is a debt collector within the meaning of the FDCPA [DE 38 at ¶23]. Furthermore, the only allegations that relate to Corey Lewis are that he is a natural person and is a resident of Florida [DE 38 at ¶9]; that he signed a Notice of Intent to Offer at Trial [DE 38 at ¶17]; and a conclusory allegations that he was a debt collector within the meaning of the FDCPA [DE 38 at ¶28]. As

such, unlike the plaintiff in Tharpe who pled the mortgage company's efforts to collect on the note, this Plaintiff's allegations are devoid of any fact that would allow this Court to define the Defendants' actions as debt collection activity. Specifically, there is not one allegation that the Defendants ever tried to collect on the note which would bring their actions under the purview of the FDCPA. As such, Robertson, Anschutz and Schneid, P.L. and Corey Lewis are entitled to judgment being entered in their favor.

**II.      The Plaintiff did not timely dispute the debt pursuant to 15 U.S.C. §1692g and thus, no validation was required.**

The Plaintiff's dispute of the debt was untimely. As pled by the Plaintiff, he received notice of the foreclosure action and a notice pursuant to the FDCPA on June 26, 2013. DE 38 at ¶12. According to the express terms of 15 U.S.C. §1692g, the Plaintiff had thirty days from the date of the notice to dispute the validity of the debt. Accepting the Plaintiff's allegations as true, he received the notice depicted in Exhibit I of his Second Amended Complaint on June 26, 2013. DE 38 at ¶ 12. As such, he had until July 26, 2013, to file the Notice of Dispute and request for validation. *See* 15 U.S.C. §1692g. Therefore, based on the Plaintiff's **own** allegations in his Second Amended Complaint, he did send a Notice of Dispute demanding validation until September 11, 2013. DE 38 at ¶ 13. Therefore, no validation was required pursuant to the express terms of 15 U.S.C. §1692g as the Plaintiff's Notice of Dispute and request for validation were untimely and the Defendants are entitled to this Court entering Judgment on the Pleadings as a result of same.

**III.     Conclusion**

As outlined above, foreclosing on a security interest is not "debt collection activity" for purposes of the FDCPA. Warren. Taking the Plaintiff's allegations against Robertson, Anschutz and Schneid, P.L. and Corey Lewis as true, he has not alleged that these defendants did anything

besides notice their appearance in an ongoing foreclosure case over a year after the case was commenced and litigate that case. DE 38. As such, taking the Plaintiff's allegations as true, the actions of Robertson, Anschutz and Schneid, P.L. and Corey Lewis were not debt collection activities and thus do no fall under the FDCPA.

Furthermore, if this Court somehow finds that foreclosing on a security interest is a debt collection activity, then by the very allegations in the Plaintiff's Second Amended Complaint, he did not timely comply with the thirty (30) day requirement to request a debt validation as provided in 15 U.S.C. §1692g. As such, no validation was required.

Therefore, Robertson, Anschutz and Schneid, P.L. and Corey Lewis are entitled to judgment being entered in their favor.

WHEREFORE, Defendants, Robertson, Anschutz and Schneid, P.L. and Corey Lewis respectfully request that based on the pleadings alone, a judgment be entered in their favor and for all other relief deemed just and proper.

Case No. Case No. 8:14-cv-02068-MSS-MAP

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
222 Lakeview Ave., Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977


 /s/ Stephen N. Harber_____
BARRY A POSTMAN
Florida Bar No. 991856
E-mail Address: barry.postman@csklegal.com
ANIKA R. CAMPBELL
Florida Bar No.: 037371
E-mail Address: anika.campbell@csklegal.com
STEPHEN N. HARBER
Florida Bar No.: 96374
Email Address: stephen.harber@csklegal.com
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

**SERVICE LIST**
Mark S. McFadden
6070 66th Avenue North
Pinellas Park, FL 33781

Mark S. McFadden
4245 0118th Circle
Clearwater, FL 33762

l:\1085-0498-00\pleading\motion\motion- judgment on the pleadings.docx