UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 8:14-cv-02068-MSS-MAP

MARK S. MCFADDEN,

    Plaintiff,

v.

US BANK, N.A., ROBERTSON,
ANSCHUTZ & SCHNEID, P.L.;
COREY LEWIS, Individually;
TARA HEYDT, Individually;
EVAN S. ROSENBERG, Individually,

    Defendants.
_____/

## DEFENDANTS, ROBERTSON, ANSCHUTZ & SCHNEID, P.L. AND COREY LEWIS', MOTION TO STAY DISCOVERY PENDING A RESOLUTION OF THE DISPOSITIVE MOTION

    COMES NOW, Defendants, ROBERTSON, ANSCHUTZ & SCHNEID, P.L. and COREY LEWIS (hereinafter these "Defendants") by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(C) hereby requests that the Court stay discovery in this matter, and in support thereof, states as follows:

### BACKGROUND

    The Plaintiff's operative complaint consists of one count alleging a violation of the FDCPA, specifically 15 U.S.C. §1692g. DE 38. The only defendants left in this case, Robertson, Anschutz and Schneid, P.L. and Corey Lewis, answered the Plaintiff's Second Amended Complaint on February 26, 2016. DE 58. Plaintiffs have served written discovery on these Defendants. Simultaneously with this motion, the Defendants are filing a Motion for Judgment on the Pleadings. The Motion for Judgment on the Pleadings will likely render the

entire discovery moot. Thus, this Court should stay all discovery pending a resolution of the current dispositive motion filed in this matter.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 26(c) permits the Court to stay discovery upon a showing of "good cause and reasonableness." *See* Fed. R. Civ. P. 26(c)(1); and *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In evaluating whether to stay discovery, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *See McCabe*, 233 F.R.D. at 685. To conduct its analysis, the Court should "take a 'preliminary peek' at the merits of the dispositive to see if it 'appears to be clearly meritorious and truly case dispositive.'" *Id.* (*quoting Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

Even the most cursory review of the Plaintiff's Second Amended Complaint will show that based on his allegations, he has not stated a cause of action against these Defendants based on FDCPA. Furthermore, the Plaintiffs will not suffer any prejudice by postponing discovery until the motion for judgment on the pleading is resolved.

As articulated by the Eleventh Circuit:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. . .
>
> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1253, 1267 (11th Cir. 1997). Here, allowing discovery to proceed while there is a pending motion for judgment on the pleadings will allow the very waste of litigant's resources as well as judicial resources that the Eleventh Circuit has expressly stated is improper. Thus, the instant motion should be granted and this Court should stay <u>all</u> discovery in this matter, pending a resolution of the dispositive motion.

## CONCLUSION

The allegations in the Plaintiff's Second Amended Complaint do not state a cause of action under FDCPA and these Defendants have moved for judgment on the pleadings as a result of same. Thus, this Court should stay discovery in this case to save judicial resources as well as the litigant's resources.

WHEREFORE, Defendants respectfully request this Court enter a order staying all discovery pending the outcome of their Motion for Judgment on the pleadings and for all other relief deemed just and proper.

## CERTIFICATE OF COMPLIANCE
## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), United States District Court, Middle District of Florida, the undersigned has conferred with the Plaintiff who has objected**.**

Case No. Case No. 8:14-cv-02068-MSS-MAP

## **CERTIFICATE OF SERVICE**

     I hereby certify that on 9th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

          COLE, SCOTT & KISSANE, P.A.
          Attorneys for Defendants
          1645 Palm Beach Lakes Blvd., 2nd Floor
          West Palm Beach, Florida 33401
          Telephone: (561) 383-9200
          Facsimile: (561) 683-8977

          /s/ Stephen N. Harber_____
          BARRY A POSTMAN
          Florida Bar No. 991856
          E-mail Address: barry.postman@csklegal.com
          ANIKA R. CAMPBELL
          Florida Bar No.: 037371
          E-mail Address: anika.campbell@csklegal.com
          STEPHEN N. HARBER
          Florida Bar No.: 96374
          Email Address: stephen.harber@csklegal.com
          222 Lakeview Avenue, Suite 120
          West Palm Beach, Florida 33401
          Telephone: (561) 383-9200
          Facsimile: (561) 683-8977

**SERVICE LIST**
Mark S. McFadden
6070 66th Avenue North
Pinellas Park, FL 33781

Mark S. McFadden
4245 0118th Circle
Clearwater, FL 33762

l:\1085-0498-00\pleading\motion\motion- stay discovery pending outcome of mjp.docx

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX