## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARK S. MCFADDEN,**

      **Plaintiff,**

**v.**                             **Case No: 8:14-cv-2068-T-35MAP**

**U.S. BANK N.A., ROBERTSON,
ANSCHUTZ & SCHNEID, P.L., COREY
LEWIS, individually, TARA HEYDT,
individually, and EVAN S.
ROSENBERG, individually,**

      **Defendants.**

                                    /

## <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of the Motion to Strike Plaintiff's Untimely Opposition and Response to Defendants' Motion for Judgment on the Pleadings (Dkt. 63) ("Motion") filed by Defendants Robertson, Anschutz & Schneid, P.L. and Corey Lewis, individually (collectively "Defendants").[1]

Defendants filed their Motion for Judgment on the Pleadings (Dkt. 59) on May 9, 2016. Plaintiff filed his Response in Opposition to Defendants Motion for Judgment on the Pleadings (Dkt. 62) (Response) on May 26, 2016. Defendants cite to Local Rule 3.01(b) and the Court's Case Management and Scheduling Order (Dkt. 57 at 5-6) ("CMSO") that cites Local Rule 3.01(b), which provide that a party opposing a motion shall

---

[1] Defendants U.S. Bank N.A., Tara Heydt, individually, and Evan S. Rosenberg, individually, were previously dismissed from this action.

file a response within fourteen (14) days.  Therefore, Defendants contend that Plaintiff's Response should be stricken as untimely and their Motion deemed unopposed because the Response was due by May 23, 2016, but not filed until May 26, 2016.

Defendants accurately state that the time for filing a response in opposition to a motion as designated in the Local Rules and the Court's CMSO is fourteen (14) days. However, the Local Rules "are intended to supplement and complement the Federal Rules of Civil Procedure . . . ."  Local Rule 1.01(b).  Federal Rule of Civil Procedure 6(d) provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Fed.R.Civ.P. 6(d).

The Court, pursuant to Rule 6(d), permits the additional three (3) days after the period would otherwise expire for Plaintiff to file his Response to the Motion.  Defendants filed the Motion for Judgment on the Pleadings on May 9, 2016.  Plaintiff was electronically served with Defendants' Motion for Judgement on the Pleadings via the Middle District of Florida CMECF docketing system.  As Defendants note, fourteen (14) days after Defendants electronically served the Motion for Judgement on the Pleadings was May 23, 2016.  Rule 6(d) allows for adding three (3) days to the period when the time for the response would have otherwise expired thereby establishing May 26, 2016 as the deadline for Plaintiff to file a timely response.  Therefore, Plaintiff's Response filed on May 26, 2016 was timely.  In any event, Defendants have not been prejudiced by a three-day delay.  Accordingly, Defendants' Motion to Strike Plaintiff's Untimely Opposition and

Response to Defendants' Motion for Judgment on the Pleadings (Dkt. 63) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of June, 2016.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person